[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the hearing officer suspending the operating privileges of the plaintiff herein for a period of ninety (90) days. That decision was rendered on December 28, 1994. Thereafter this appeal was filed. During the pendency of this appeal, the claim of double jeopardy was being litigated in the state courts, and the court requested briefs on that issue. The Connecticut Supreme Court has recently ruled on that issue, and this appeal is not affected by a colorable claim of double jeopardy. State v. Hickum,235 Conn. 614 (1995). The court therefor dismisses the appeal on those grounds.
The original claim of the plaintiff was that since subpoenaed certification of the intoximeter 3000 was not brought to the original hearing, the hearing officer was in error to assume that the results achieved thereby were correct. The CT Page 320 plaintiff claimed that that certification was a necessary part of the record for this appeal, and that without it, the findings of fact made by the hearing officer were not based upon sufficient proof.
The defendant commissioner cites Schallenkamp v. DelPonte,229 Conn. 31 (1994) to counter that claim. The issue in that case was the certification and whether or not there was sufficient evidence for the hearing officer to find that the analytical device was operated by a certified analyst. The court held that the court, on appeal, did not retry the case before the hearing officer, and that the findings of fact as to the reliability of the test could come from a comparison of the other evidence in the case. The standard was articulated inVolck v. Muzio, 204 Conn. 507 (1987), and reaffirmed inSchallenkamp, supra.
The court does not find that the findings of the hearing officer are incompatible with the totality of the evidence. He clearly credited the testimony of the officer who testified. All documents save the certification were presented for the inspection of counsel and the hearing officer. The failure of proof in that regard cannot be said to render the findings illegal, arbitrary, or in abuse of the discretion of the hearing officer.
The other claims of the plaintiff are not persuasive to this court.
The appeal is dismissed.
DRANGINIS, J.